IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20812
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ADAM SALINAS RIVERA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-134-1
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Adam Salinas Rivera appeals his guilty-plea conviction for possession of a machinegun in violation of 18 U.S.C. § 922(o). He asserts that his conviction should be vacated because the statute's ban on the mere intrastate possession of a machinegun is unconstitutional.

     In United States v. Knutson, 113 F.3d 27 (5th Cir. 1997), we upheld the constitutionality of 18 U.S.C. § 922(o).  "Until the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court suggests otherwise, we are bound by <u>Knutson</u>."
<u>United States v. Polk</u>, 118 F.3d 286, 294 (5th Cir. 1997).  We are
unpersuaded that the Supreme Court's decision in <u>United States v.
Morrison</u>, 529 U.S. 598 (2000), undermines our precedent in
<u>Knutson</u>.  Rivera's constitutional challenge to 18 U.S.C. § 922(o)
consequently is foreclosed.  The judgment of the district court
is AFFIRMED.

Rivera has also filed a petition for initial hearing by the
en banc court.  Because Rivera fails to meet the stringent
standards for cases warranting initial en banc consideration,
<u>see</u> FED. R. APP. P. 35(a); <u>Point Landing, Inc. v. Omni Capital
Int'l, Ltd.</u>, 795 F.2d 415, 419 (5th Cir. 1987)(en banc), his
petition for initial hearing en banc is DENIED.

JUDGMENT AFFIRMED; PETITION FOR EN BANC HEARING DENIED.